14-4616-pr
Wright v. Rao

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand fifteen.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

———————————————————————

MELVIN WRIGHT,

*Plaintiff-Appellant*,

v.                                                                    14-4616-pr

DOCTOR RAO, Health Services Director,
ABBASEY, M.D., DOCTOR CARL J.
KONIGSMAN,

*Defendants-Appellees*.

———————————————————————

FOR APPELLANT:             Melvin Wright, *pro se*, Gowanda, New York.

FOR APPELLEES:             Barbara D. Underwood, Solicitor General (Jonathan D. Hitsous, Andrew B. Ayers, Assistant Solicitors General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York, (William M. Skretny, *Judge).*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 26, 2014, is AFFIRMED.

Plaintiff Melvin Wright, proceeding pro se, appeals from a summary judgment award in favor of defendants on his claims of deliberate indifference to serious medical need under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to affirm.

We review grants of summary judgment de novo and will affirm only if the record, viewed in favor of the non-moving party, shows that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Jackson v. Federal Express, 766 F.3d 189, 193−94 (2d Cir. 2014). A plaintiff pursuing an Eighth Amendment challenge to prison medical care must adduce evidence that the defendant was deliberately indifferent to a serious medical need. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he deliberate indifference standard embodies both an objective and a subjective prong. Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). "Subjectively, the charged official must act

2

with a sufficiently culpable state of mind," i.e., "something more than mere negligence" and akin to criminal recklessness. Id.

The parties do not dispute that Wright's neck and back pain was an objectively serious medical condition. Rather, Wright faults the district court's determination that he raised no genuine issue of material fact as to defendants' culpable state of mind. Upon our own record review, we reach the same conclusion as the district court. The record shows that defendants did not ignore Wright's condition but, rather, offered various pain relievers and muscle relaxants to manage his pain, which Wright refused because he said they did not help. Further, defendant Rao referred Wright to a specialist. Insofar as defendants denied Wright's request for stronger painkillers (including an opioid), the record reflects defendants' concerns about liver damage, in light of Wright's Hepatitis C diagnosis, and Wright's history of drug abuse. Wright's disagreement with this choice of treatment is not evidence of defendants' deliberate indifference to his condition. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); see also Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (affirming dismissal where inmate was prescribed Motrin for his nerve condition but sought stronger pain medication and "nerve conduction study").

Nor does Wright raise a genuine issue as to whether defendants were subjectively

3

indifferent through evidence that doctors at other correctional facilities prescribed stronger painkillers and, eventually, surgery. Even if this evidence indicated medical malpractice by defendants, that would not be enough by itself to support an Eighth Amendment claim. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (stating that showing of medical malpractice is insufficient to support Eighth Amendment claim unless malpractice involves culpable recklessness, an act or omission evincing conscious disregard of substantial risk of serious harm). Thus, summary judgment was properly entered in favor of defendants.

We have considered Wright's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4